IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-401-DCK

| | |
|---|---|
| DEMARCUS GARRICK WALTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 14) and the "Commissioner's Motion For Summary Judgment" (Document No. 15). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" be denied; that "Commissioner's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

**BACKGROUND**

Damarcus Garrick Walton ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about October 19, 2015, Plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning October 6, 2015. (Transcript of the Record of Proceedings ("Tr.") 21, 162-167). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about February 15, 2016, and again after

reconsideration on July 19, 2016. (Tr. 21, 84-87, 91-93). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.

(Tr. 91).

Plaintiff filed a timely written request for a hearing on August 2, 2016. (Tr. 21, 101). On May 8, 2018, Plaintiff appeared and testified at a hearing before Administrative Law Judge Theresa R. Jenkins (the "ALJ"). (Tr. 21, 37-59). In addition, Ellen Levine, a vocational expert ("VE"), and Robert A. Whitlow, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on September 26, 2018, denying Plaintiff's claim. (Tr. 18-32). On October 19, 2018, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on July 18, 2019. (Tr. 1-4, 158-160). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on August 15, 2019. (Document No. 1). On November 20, 2019, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 13).

Plaintiff's "Motion For Summary Judgment" (Document No. 14) and "Plaintiff's Memorandum Of Law In Support Of Summary Judgment" (Document No. 14-1) were filed on January 14, 2020; and the "Commissioner's Motion For Summary Judgment" (Document No. 15) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment"

(Document No. 16) were filed March 17, 2020. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

Based on the foregoing, the pending motions are now ripe for review and disposition.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so

long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**DISCUSSION**

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between October 6, 2015, and the date of her decision.[1] (Tr. 31). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

    (3)    whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

    (4)    whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

>       (5)     whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 30-31).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since October 6, 2015, his alleged disability onset date. (Tr. 23). At the second step, the ALJ found that "obesity; anxiety; attention deficit disorder; hypertension; asthma; left knee osteoarthritis; degenerative joint disease; sleep apnea; [and] peroneal nerve damage/peripheral nerve disease" were severe impairments.[2] (Tr. 23). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 23-25).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> can occasionally perform all postural activities, but should avoid workplace hazards. He should avoid concentrated exposure to respiratory irritants. He can occasionally use his left lower extremities to push, pull and operate foot controls. He must be allowed to alternate between sitting and standing up to twice each hour. He can follow short, simple, not detailed, instructions and perform routine tasks but no work that requires a production rate or demand pace. He is able to sustain attention and concentration for 2 hours at a time. He should avoid work environments dealing with

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

> crisis situations, complex decision making or constant changes in a routine setting. He can have frequent but not continuous contact or interactions with coworkers and supervisors. He can only have occasional public contact or interactions. He will need 1 to 2 additional 5 minute rest breaks.

(Tr. 25). In making this finding, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff has no past relevant work. (Tr. 30). The ALJ noted that Plaintiff had at least a high school education and was about forty (40) years old, "a younger individual," at the time of his alleged disability onset. Id.

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 30). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a laundry folder, an inspector/hand packager, and a shipping and receiving weigher. (Tr. 31). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between October 6, 2015, and the date of her decision, September 26, 2018. (Tr. 31-32).

Plaintiff on appeal to this Court contends that the ALJ erred by failing to give proper weight to the opinion of Dr. Dino Kanelos, Plaintiff's treating physician. (Document No. 14-1, p. 4). The undersigned will address this contention below.

**Opinion of Dr. Kanelos**

Regarding medical opinions, Plaintiff notes that

6

Case 3:19-cv-00401-DCK   Document 17   Filed 10/20/20   Page 6 of 10

> The Regulations direct that the ALJ must analyze and weigh the evidence of record with the following factors taken into consideration: (1) length of treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. 20 CFR §§404.1527(c)(2)-(6), 416.927(c)(2)-(6); see Cohen v. Berryhill, 272 F. Supp. 3d 779, 781 (D.S.C. Aug 23, 2017). As a general rule, more weight is given to a medical professional who examines a claimant. As opposed to a non-examining source. 20 CFR §§ 404.1527(c)(1), 416.927(c)(1); see Patterson v. Colvin, No. 5:12-CV-063-RLV-DCK, 2013 WL 3035792, at *4 (W.D.N.C. June 17, 2013).

(Document No. 14-1, p. 5). Plaintiff then acknowledges that "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." (Document No. 14-1, p. 6) (quoting Mastro, 270 F.3d at 178).

Plaintiff argues that Dr. Kanelos, who has treated Plaintiff since 2002, "completed medical source statements on August 2, 2016 and April 27, 2018 unequivocally stating that due to the claimant's severe [impairments] . . . he would not be able to engage in any level of work activity on a sustained basis or be in regular attendance on the job." (Document No. 14-1, p. 6) (citing Tr. 246-248, 353-355). Plaintiff then relies on "a detailed response in an office note" that Dr. Kanelos wrote on October 9, 2018, *in response* to the ALJ's September 26, 2018 decision. (Document No. 14-1, pp. 6-7) (quoting Tr. 16, 243-244).

In further support of his argument that the ALJ improperly weighed Dr. Kanelos' opinion, Plaintiff cites to opinions from the Ballantyne Diagnostic and Sleep Center and OrthoCarolina that he contends corroborate Dr. Kanelos' assessment. (Document No. 14-1, p. 7) (quoting Tr. 60, 302).

In response, Defendant asserts that even though Plaintiff disagrees with the ALJ's conclusions, "the ALJ evaluated the opinions in accordance with the regulations and supported her conclusions with substantial evidence." (Document No. 16, p. 4). Defendant notes that the ALJ's

7

determination "as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' … or has failed to give sufficient reason for the weight afforded a particular opinion." Id. (quoting Dunn v. Colvin, 607 Fed.App'x 264, 267 (4th Cir. 2015)).

Defendant argues that in this case the ALJ considered and described in detail three medical opinions from Dr. Kanelos. Id. First, the ALJ noted Dr. Kanelos' February 2016 opinion that Plaintiff "was living out of his car and worked when he could but was severely disabled due to knee pain." (Document No. 16, p. 4) (citing Tr. 28) (citing Tr. 253). ALJ Jenkins gave no weight to that opinion "because it is conclusory and expressed in limited vocational terms." (Tr. 28); see also (Document No. 16, pp. 4-5).

Next, the ALJ addressed Dr. Kanelos' August 2, 2016 opinion. (Document No. 16, p. 5) (citing Tr. 28-29) (citing Tr. 246-248). The ALJ gave "limited weight" to this opinion "because h[is] opinion regarding absences, the need to lie down and the degree of mental limitation assessed is not consistent with the longitudinal evidence." (Tr. 29). Defendant contends this was a reasonable conclusion based on the ALJ's examination of the entire record and Dr. Kanelos' failure to "explain how he came to his conclusions." (Document No. 16, p. 5) (citing Tr. 25-30).

As to Dr. Kanelos' "third and final opinion, rendered in April 2018 also in response to a questionnaire," Defendant argues the ALJ adequately explained why she gave it "little weight." (Document No. 16, p. 6) (citing Tr. 29). Defendant describes the ALJ's reasoning as follows:

> First, the ALJ observed that Dr. Kanelos's opinion that these limitations have been present since 1996 was not consistent with the fact that he began treating him five years after that, in 2001 (Tr. 29). Second, the ALJ writes, Plaintiff's conservative treatment was not consistent with such severe limitations as being unable to lift or carry anything at all or being absent excessively (Tr. 29). Third, the ALJ pointed out that the opinion is even inconsistent with Plaintiff's own testimony that he had improved energy and could clean, drive, read, and go to the store (Tr. 29). Lastly, the ALJ

8

> noted that while Plaintiff does have some credible cognitive deficits, Dr. Kanelos's opinion of them is not supported by the mental status findings on examination, which were consistently unremarkable (Tr. 29). In sum, the ALJ clearly articulated the bases for his assignment of weight, and those bases are supported by substantial evidence.

Id.

Defendant argues that Plaintiff "points to no errors in the ALJ's actual analysis" and notes that the ALJ did not simply "reject" the opinions, but considered and explained the weight she gave to each opinion. Id. In addition, Defendant argues that Dr. Kanelos' "statement in response to the ALJ decision has no bearing on whether the ALJ's legal findings are supported by substantial evidence and were reached through application of the proper legal standards." (Document No. 16, p. 7).

The undersigned finds Defendant's position more persuasive. In short, the undersigned agrees that despite Plaintiff's protests over the weight assigned to Dr. Kanelos' opinions, "the ALJ applied the correct law and supported her findings with substantial evidence." (Document No. 16, p. 8). It is not for this Court to re-weigh the evidence considered by the ALJ. The ALJ's decision in this case thoroughly explains how she accounts for Plaintiff's limitations in the RFC and how she views the opinions of Dr. Kanelos. See (Tr. 26-30). Notably, the ALJ concluded that Plaintiff has greater limitations than found by the state agency consultant, who opined Plaintiff could perform medium work, but is not as limited as suggested by Dr. Kanelos. See (Tr. 28-30).

Plaintiff's reliance on Dr. Kanelos' response to the ALJ decision is not particularly helpful and not relevant to this Court's proper review of the ALJ's determination. See (Document No. 14-1, pp. 6-7). While the undersigned recognizes Plaintiff's disagreement with the ALJ's decision, there does not appear to be adequate support for reversing or remanding that decision.

9

## CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No.14) is **DENIED**; the "Commissioner's Motion For Summary Judgment" (Document No. 15 is **GRANTED**; and the Commissioner's determination is **AFFIRMED**.

Signed: October 19, 2020

David C. Keesler
United States Magistrate Judge